UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

NISON YUSUPOV,

                Plaintiff,

    -against-

MASADA II CAR & LIMO SERVICE, INC.,
and GENYA SHTIVELMAN,

                Defendants.
-------------------------------------------------------------------X

Docket No.: _____

COMPLAINT

Plaintiff, NISON YUSUPOV, by and through her attorneys, Law Offices of David Feinerman, Esq., as and for a Complaint against the Defendants alleges, upon information and belief, that at all times hereinafter mentioned:

## THE PARTIES

1. Plaintiff Nison Yusupov was a natural person residing at 63-09 108th Street, Forest Hills, NY 11375. ("Nison").

2. Defendant Masada II Car & Limo Service, Inc.., is a duly formed New York corporation operating out of and with an office at 63-51 Austin Street, Rego Park, NY 11374 ("Masada").

3. Defendant Genya Shtivelman ("Genya") is a natural person, who at all relevant times was a principal, shareholder, officer and director of Masada exercising full and complete control over Masada.

4. The individual principals of Masada exercised full and complete control over Masada.

## THE BACKGROUND FACTS

5. Masada was and is in the business of, *inter alia*, providing car and limousine services to the general public.

6. Nison became affiliated with Defendants from January 2012 and continued to work there until December 2012.

## JURISDICTIONAL STATEMENT

7. This court has jurisdiction over this action pursuant to 29 U.S.C. 201. This is an action to recover unpaid wages, regular and overtime compensation, liquidated damages, costs and attorneys fees pursuant to the Fair Labor Standards Act of 1938 as Amended, 29 U.S.C. 201, *et seq.*,.

8. Venue lies in the Eastern District of New York pursuant to 29 U.S.C. 216 (b) in that the acts and omissions giving rise to this action occurred in Brooklyn, New York, in the Eastern District of New York.

## JURY DEMAND

9. Plaintiff demands a trial by jury.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS
## VIOLATION OF FLSA

10. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-8 above with the same force and effect as if more fully set forth herein.

11. At all times mentioned herein, Defendants had at least two (2) employees engaged in commerce.

12. At all times mentioned herein, the activities of the Defendants were related and performed through common control for a common business purpose, and constituted an enterprise within the meaning of §3(r) of the FLSA (28 U.S.C. §203[r]).

13. At all times mentioned herein, Defendants' employees (including Plaintiff) participated in the rendering of services to other individuals, and participated in financial transactions involving the interstate banking and finance systems.

14. At all times mentioned herein, the annual dollar volume of business of Defendants exceeded $500,000.00.

15. Nison provided driving services on behalf of the defendant, but was never paid for his services.

16. Defendant filed an IRS Form 1099 stating that plaintiff received $18,000.00 in wages for the calendar year of 2012.

17. Plaintiff never received the $18,000.00 in wages claimed in the IRS Form 1099.

18. Plaintiff was required to pay income taxes on the monies he allegedly received from the defendant in the amount of $4,845.89.

19. Based upon the foregoing, Plaintiff has been damaged – and Defendants are liable – in an amount to be determined at trial but not less than $18,000.00 plus liquidated damages (for unpaid wages) of not less than $18,000.00 plus attorney's fees, costs and disbursements.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS
### VIOLATION OF WAGE THEFT PREVENTION ACT

20. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-19 above with the same force and effect as if more fully set forth herein.

21. Defendants as employers in New York State, are subject to the New York Labor Laws in general and to the Wage Theft Prevention Act in particular.

22. The Wage Theft Prevention Act ("WTPA"), *inter alia*, (i) prohibits employers from failing and refusing to pay duly earned and owing wages to employees and (ii) requires that the employer provide each employee - at the time of hire, at the time of any changes to employee/employer/wages information and every year prior to February 1 - with a notice setting forth thereon the rate and other details of pay for such employee.

23. Defendants herein have failed and refused to properly pay Nison and have failed to properly provide to her with the required notices under WTPA.

24. Based upon the foregoing, Plaintiffn has been damaged – and Defendants are liable – in an amount to be determined at trial but not less than $18,000.00 plus liquidated damages (for unpaid wages) of not less than $18,000.00 plus statutory attorney's fees, costs and disbursements in an amount to be determined at trial, as well as statutory penalties of not less than $5,000.00.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS VIOLATION OF NEW YORK STATE LABOR LAW

25. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-24 above with the same force and effect as if more fully set forth herein.

26. Defendants are employers in the State of New York and thus are subject to the New York State Labor Laws in general and the Minimum Wage Act, *inter alia*.

27. Nison provided driving services on behalf of the defendant, but was never paid for his services.

28. Defendant filed an IRS Form 1099 stating that plaintiff received $18,000.00 in wages for the calendar year of 2012.

29. Plaintiff never received the $18,000.00 in wages claimed in the IRS Form 1099.

30. Plaintiff was required to pay income taxes on the monies he allegedly received from the defendant in the amount of $4,845.89.

31. Based upon the foregoing, for violating the New York Labor Laws wages pay requirement, Nison has been damaged –and Defendants are liable-in an amount to be determined at trial but not less than $18,000.00 plus liquidated damages (for unpaid overtime wages) of not less than $18,000.00 plus attorney's fees, costs and disbursements.

**WHEREFORE**, based upon the foregoing causes of action, Plaintiff requests the Court award the damages sought in each individual cause of action as to be determined at trial, but not less than $50,000.00. In addition Plaintiff respectfully requests judgment awarding statutorily mandated attorney's fees under FLSA together with prejudgment interest, costs and disbursements.

Law Office of David A. Feinerman,

By:___DF /3320_____
David A. Feinerman, Esq.-d.f./3320
2765 Coney Island Avenue, 2nd floor
Brooklyn, NY 11235
(718) 646-4800
(718) 646-5770 facsimile (not
for Service of legal documents)